# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | ) Case No. 23-90116 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| DIAMOND SPORTS GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No. 23-03135 |
| | ) |
| JP MORGAN CHASE FUNDING INC. and JP MORGAN CHASE & CO., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER (I) TO SEAL
THE PLAINTIFF'S COMPLAINT AND (II) GRANTING RELATED RELIEF**
[Relates to Docket No. 2]

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Plaintiff Diamond Sports Group, LLC ("Diamond" or "Plaintiff"), respectfully states as follows in support of this motion (the "Motion to Seal"):

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

1

14084387

### Relief Requested

1. Diamond seeks entry of an order, substantially in the form attached hereto (the "Proposed Order") (a) authorizing Diamond to provisionally file the complaint against defendants JP Morgan Chase Funding Inc. ("JPMCFI") and JP Morgan Chase & Co. ("JPMC," and together with JPMCFI, the "Defendants") entirely under seal [Adv. Docket No. 2] (the "Complaint"), pending further review;[2] and (b) granting related relief.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the inherent powers of the Court.

### Background

5. On March 14 and 15, 2023, the above-captioned debtors (the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

6. On July 19, 2023, Diamond filed its Complaint against the Defendants in the above-captioned adversary proceeding, asserting causes of action related to: recovery of subsequent transfers against JPMCFI under sections 544, 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, unjust enrichment against JPMCFI, money had and received against JPMCFI, and aiding and abetting breaches of fiduciary duty against JPMC.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

14084387

7. Defendants and certain third parties have designated the vast majority of the documents and testimony underlying the factual allegations in the Complaint as Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material as those terms are defined in the Stipulated Protective Order entered at Docket 822 in the Main Case (the "Designated Material"). In addition, certain discovery materials may reflect information protected by the attorney-client privilege belonging to both Plaintiff and Defendants. Accordingly, out of an abundance of caution, and without acceding to the legitimacy of those designations by Defendants and those third parties, Plaintiff has filed the Complaint under seal and have not, as of now, filed a redacted version of the Complaint for public viewing. Plaintiff will confer with Defendants and the third parties regarding their designations of the Designated Material, and will file a redacted copy of the Complaint for public viewing following those discussions. Plaintiff reserves the right to challenge Defendants' and the third parties' designations pursuant to the terms of the Stipulated Protective Order at a later time in the event that Defendants and the third parties do not agree to voluntarily de-designate materials they have produced.

8. Plaintiff will serve a fully unredacted copy of the Complaint on the Defendants.

## Basis for Relief

9. Because Defendants and certain third parties contend that the documents and testimony underlying the factual obligations in the Complaint constitute Confidential Material, Attorneys' Eyes Only Material, or Outside Counsel Only Material, Plaintiff requests that the Complaint be filed under seal.

10. The Bankruptcy Code provides support for sealing the Complaint. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or

3

14084387

appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect parties from potential harm that may result from the disclosure of certain information. *See* 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall, . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information; or protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."); *see In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").  Although section 107(b) of the Bankruptcy Code is an exception to the general presumption in favor of public access to court filings, its application in a bankruptcy proceeding is appropriate.  *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 654 (Bankr. W.D. Tex. 1997) ("[T]he very existence of the [§ 107(b)] exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

11. Here, the Complaint contains information that Defendants have asserted is commercially sensitive, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code for which sealing documents is appropriate.

12. In light of the foregoing, Plaintiff respectfully requests that the Court enter an order directing that the Complaint be filed under seal in its entirety, until such time as a version of the Complaint that contains partial redactions as agreed upon by the Plaintiff, Defendants, and certain third parties, is filed on the public docket.

13. WHEREFORE, Plaintiff respectfully requests that the Court (a) enter the Proposed Order in substantially the form attached hereto and (b) grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank.]*

14084387

Dated: July 19, 2023                              Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Eric D. Wade (TX Bar No. 00794802)
Heather K. Hatfield (TX Bar No. 24050730)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
ewade@portergedges.com
hhatfield@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and –

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Deborah Newman (admitted *pro hac vice*)
Lindsay Weber (admitted *pro hac vice*)
Kenneth Hershey (admitted *pro hac vice*)
51 Madison Avenue, 22nd Fl.
New York, New York 10010
Tel:  (212) 849-7000
Fax:  (212) 849-7100

*Counsel for the Plaintiff*

6

14084387

**CERTIFICATE OF SERVICE**

 I certify that on July 19, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ John F. Higgins*
                John F. Higgins