IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DIAMOND SPORTS GROUP, LLC, *et al.*,[1] | Case No. 23-90116 |
| Debtors. | (Jointly Administered) |
| DIAMOND SPORTS GROUP, LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 23-3135 |
| JP MORGAN CHASE FUNDING INC. and JP MORGAN CHASE & CO., | |
| Defendants. | |

**STIPULATION AND AGREED ORDER AUTHORIZING
INTERVENTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**WHEREAS**, on March 14 and 15, 2023, each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), thereby commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases");

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll..com/DSG. The Debtors' service address for purposes of these chapter 11 cases is: c/o Diamond Sports Group, LLC, 3003 Exposition Blvd., Santa Monica, CA 90404.

1

**WHEREAS**, on March 27, 2023, the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (the "Committee") under section 1102(a)(1) of the Bankruptcy Code [Dkt. 247];

**WHEREAS**, the Committee serves as the fiduciary of all unsecured creditors of the Debtors and, under section 1103 of the Bankruptcy Code, may investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors as well as any other matter relevant to the case or to the formulation of the plan;

**WHEREAS**, under section 1109 of the Bankruptcy Code, the Committee may raise and may appear and be heard on any issues in a case under Chapter 11;

**WHEREAS**, on July 19, 2023, Debtor Diamond Sports Group, LLC ("DSG" or "Plaintiff") filed a Complaint [Adv. Dkt. No. 1] (the "Complaint") against Defendants JP Morgan Chase Funding Inc. ("JPMCFI") and JP Morgan Chase & Co. ("JPMC" and together with JPMCFI, the "Defendants") to commence the above-captioned adversary proceeding (the Adversary Proceeding");

**WHEREAS**, the Adversary Proceeding may result in recoveries against the Defendants that would be a significant source of value for, among others, unsecured creditors in these Chapter 11 Cases;

**WHEREAS**, the Committee seeks to intervene in the Adversary Proceeding as an intervenor-plaintiff pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 24 of the Federal Rules of Civil Procedure in order to protect the interests of unsecured creditors; and

**WHEREAS**, to avoid the cost, expense, and inherent delay that could be incurred by the Debtors' estates in connection with the Committee's filing a motion to intervene in the Adversary

Proceeding, and any responses to any such motion from any other party, the Debtors and the Committee (collectively, the "Parties," and individually, a "Party") have agreed to a consensual intervention in the Adversary Proceeding exclusively on the terms set forth in this stipulation and agreed order (the "Stipulation and Agreed Order").

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED:**

1. The Committee shall be, and hereby is, permitted to intervene in the Adversary Proceeding as an intervenor-plaintiff under Bankruptcy Rule 7024 without the need for the filing of a motion and shall be deemed to have joined in the pending Complaint, subject to the terms of this Stipulation and Agreed Order, including the restrictions contained in Paragraph 3 below.

2. The Committee's rights as an intervenor-plaintiff are limited to the claims asserted in the Complaint and to any subsequent claims the Debtors may assert against the Defendants, or any subsequently added Defendants, in this Adversary Proceeding, unless additional rights of any kind are subsequently granted to the Committee by Court order. The Debtors reserve the right to oppose any request for additional intervention rights by the Committee.

3. The Committee's participation in this Adversary Proceeding shall be subject in all respects to the following terms and conditions:

    **(a)** **Depositions.** The Committee shall have the right to notice or subpoena depositions of witnesses who have not been noticed or subpoenaed by the Debtors; provided, however, that (i) the Committee must first provide a copy of the proposed notice or subpoena to the Debtors at least 48 hours prior to serving the notice or subpoena, and (ii) if within 48 hours of receiving such copy the Debtors inform the Committee that they object to the Committee's notice or subpoena then the Committee shall serve such notice or subpoena only if granted authorization to do so by the Court upon a motion by the Committee and an opportunity to be heard by the Debtors (which motion the Parties agree may be heard on an expedited basis and reserve the right to oppose). Before requesting permission from the Court to notice any such depositions under Paragraph 3(a)(ii), the Committee shall make reasonable efforts to consult with the Debtors and shall not seek to notice any depositions that the Debtors agree to notice. The Debtors shall

>     make reasonable efforts to confer with the Committee about the depositions, including with respect to scheduling. The Parties may each attend any deposition taken in the Adversary Proceeding and shall have the right to examine witnesses at such deposition; provided that each Party shall make reasonable efforts not to duplicate the noticing Party's examination. The Debtors and the Committee shall make available to each other all discovery or responses to any deposition notice or deposition subpoena served in the Adversary Proceeding.
>
> **(b)** **Right to Propound Discovery.** The Committee shall have the right to propound document requests, interrogatories, requests for admission, subpoenas, or any other discovery request (collectively, "<u>Written Discovery Requests</u>"); provided, however, that (i) the Committee must first provide a copy of the proposed Written Discovery Requests to the Debtors at least 48 hours prior to serving such Written Discovery Requests, and (ii) if within 48 hours of receiving such copy of the proposed Written Discovery Requests the Debtors inform the Committee that they object to the Committee's Written Discovery Requests then the Committee shall only serve such Written Discovery Requests if granted authorization to do so by the Court upon a motion by the Committee and an opportunity to be heard by the Debtors (which motion the Parties agree may be heard on an expedited basis). Before requesting permission to propound any Written Discovery Requests under Paragraph 3(b)(ii), the Committee shall make reasonable efforts to consult with the Debtors and shall not propound any Written Discovery Requests that are the same as or substantially similar to any Written Discovery Requests that the Debtors already have propounded or have agreed to propound. The Debtors shall make reasonable efforts to confer with the Committee about the Written Discovery Requests that it intends to propound. The Debtors and the Committee shall make available to each other all discovery or responses to Written Discovery Requests that is produced to either the Debtors or the Committee, as is applicable.
>
> **(c)** **Right to File Dispositive Motions and Briefs.** The Committee shall have the right to submit briefs with respect to all matters in the case filed by any party in the Adversary Proceeding, including the Debtors, to the fullest extent permissible under the Bankruptcy Rules, and any such instance will make reasonable efforts not to duplicate the Debtors' briefs, filings, and pleadings; provided, however, that only the Debtors shall have the right to file dispositive motions (each, a "<u>Case Dispositive Motion</u>") unless the Committee receives authorization from the Court upon a motion by the Committee and an opportunity to be heard by the Debtors (which the Parties agree may be heard on an expedited basis and which the Debtors reserve the right to oppose).
>
> **(d)** **Right to Argue and Examine Witnesses at Hearing or Trial.** The Committee shall have the right to (i) be heard at any hearing and at trial on any issue, and (ii) examine witnesses at any such hearings or at trial;

        provided, however, that the Committee shall make reasonable efforts not to duplicate any witness examinations conducted by the Debtors.

**(e)**   **Right to Be Heard in Connection With Consensual Resolution of Plaintiff's Claims.** The Debtors shall include the Committee to the greatest extent practicable in settlement negotiations with respect to any claim in the Adversary Proceeding. The Committee shall have the right to appear and be heard in connection with any consensual resolution, pursuant to Bankruptcy Rule 9019 or otherwise, of any or all of the Plaintiff's claims in the Adversary Proceeding, including the right to object thereto. The Committee shall not, however, seek to independently resolve the Plaintiff's claims in the Adversary Proceeding or otherwise independently initiate or pursue any efforts to resolve the Plaintiff's claims in the Adversary Proceeding absent prior written consent of the Plaintiff or order of the Court upon a motion by the Committee and an opportunity to be heard by the Debtors (which motion the Parties agree may be heard on an expedited basis and reserve the right to oppose).

**(f)**   **Right to Appeal.** If the Adversary Proceeding proceeds to trial and the Court (or, if applicable, the United States District Court for the Southern District of Texas) adjudicates the Plaintiff's claims on the merits resulting in a final, appealable judgment, the Committee shall be a party as to any appeal of any claim filed by any party in the Adversary Proceeding; provided, however, that only the Debtors shall have the right to appeal such judgment unless the Committee is authorized to pursue its own appeal by the Court upon a motion by the Committee and an opportunity to be heard by the Debtors (which motion the Parties agree may be heard on an expedited basis and reserve the right to oppose).

4.     By intervening, the Committee is not attempting to usurp, challenge, or otherwise undermine the Debtors' standing with respect to the current or future claims asserted in the Adversary Proceeding or any other claims to which the Debtors may have standing. For the avoidance of doubt, nothing in this Stipulation and Agreed Order in any way authorizes the Committee to in any way attempt to or in fact control or settle any of the claims, causes of action, or defenses asserted in the Complaint.

5.     This Stipulation and Agreed Order is immediately effective upon entry by the Court.

6. Neither this Stipulation and Agreed Order nor any of its terms may be modified, altered, amended, or waived, except in writing signed by the Parties hereto and approved by the Court.

7. Unless specifically stated in this Stipulation and Agreed Order, nothing herein shall be construed as a waiver of, or stipulation with respect to, any provisions of the Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any dispute or controversies arising from or related to this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Signed: _____, 2023

                                                  Christopher Lopez
                                                  United States Bankruptcy Judge

**IN WITNESS WHEREOF**, Debtors and the Committee by their respective authorized counsel, have executed this Stipulation and Agreed Order as of the date written below:

Dated: July 25, 2023

By: */s/ Deborah Newman*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
Bryan L. Rochelle (TX Bar No. 24107979)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
brochelle@porterhedges.com

- and -

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Deborah Newman (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
deborahnewman@quinnemanuel.com

*Counsel to Debtors and Debtors in Possession*

By: */s/ Jeremy H. Wells*
**REID COLLINS & TSAI LLP**
Jeremy H. Wells (TX Bar No. 24098805)
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Telephone: (512) 647-6100
jwells@reidcollins.com

Brandon V. Lewis (TX Bar No. 24060165)
1601 Elm Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 420-8903
Facsimile: (214) 420-8909
blewis@reidcollins.com

Angela J. Somers (*pro hac vice forthcoming*)
Jeffrey E. Gross (*pro hac vice forthcoming*)
Yonah Jaffe (*pro hac vice forthcoming*)
420 Lexington Avenue, Suite 2731
New York, NY 10170
Telephone: (212) 344-5200
Facsimile: (212) 344-5299
asomers@reidcollins.com
jgross@reidcollins.com
yjaffe@reidcollins.com

*Proposed Special Counsel to the Official Committee of Unsecured Creditors of Diamond Sports Group, LLC, et al.*[2]

---

[2] Retention Application to be filed imminently.